UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| 7E FIT SPA LICENSING GROUP LLC, ) <br> 7E HOLDINGS 1 LLC, ) <br> 7E LLC, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> 7EFS OF HIGHLANDS RANCH, LLC, ) <br> SPECTRUM MEDSPA, ) <br> GORDON SMITH, ) <br> JANE SMITH, ) <br> ) <br> Defendants. ) <br> _____ ) <br> ) <br> GORDON SMITH, ) <br> 7EFS OF HIGHLANDS RANCH, LLC, ) <br> JANE SMITH, ) <br> SPECTRUM MEDSPA, ) <br> JANE SMITH, ) <br> SPECTRUM MEDSPA, ) <br> 7EFS OF HIGHLANDS RANCH, LLC, ) <br> GORDON SMITH, ) <br> ) <br> Counter Claimants, ) <br> ) <br> vs. ) <br> ) <br> 7E FIT SPA LICENSING GROUP LLC, ) <br> 7E HOLDINGS 1 LLC, ) <br> 7E LLC, ) <br> 7E FIT SPA LICENSING GROUP LLC, ) <br> 7E HOLDINGS 1 LLC, ) <br> 7E LLC, ) <br> ) <br> Counter Defendants. ) <br> _____ ) <br> ) <br> GORDON SMITH, ) | No. 1:15-cv-01109-TWP-MPB <br><br> **Consolidated with:** <br> CASE NO: 1:15-cv-01111-RLY-MPB <br> for purposes of discovery and case management |

| | |
|---|---|
| 7EFS OF HIGHLANDS RANCH, LLC, | ) |
| JANE  SMITH, | ) |
| SPECTRUM MEDSPA, | ) |
| JANE  SMITH, | ) |
| SPECTRUM MEDSPA, | ) |
| 7EFS OF HIGHLANDS RANCH, LLC, | ) |
| GORDON  SMITH, | ) |
| | ) |
| Third Party Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| STEVE  NIELSEN, | ) |
| STEVE  NIELSEN, | ) |
| | ) |
| Third Party Defendants. | ) |
| | ) |

**ORDER**

This matter comes before the Court on four pending motions filed by Defendants/Counterclaim Plaintiffs/Third-Party Plaintiffs Jane Smith, Gordon Smith, 7EFS of Highlands Ranch, LLC, and Spectrum Med Spa Highlands Ranch LLC (collectively, the "Smith Franchisees")[1] and Defendants/Counterclaim Plaintiffs/Third-Party Plaintiffs Susan Dier Graf, 7EFS of Wheatridge, LLC, and The Full Body Shop, *d/b/a MedSpa* (collectively, "Dier Graf Franchisees").[2] (Docket No. 82; Docket No. 84, also at 1:15-cv-01111, Docket No. 71 (filed only by the Smith Franchisees); Docket No. 85, Docket No. 94).[3] This matter also comes before the Court on one pending motion filed by Plaintiffs and Counterclaim Defendants, 7E Fit Spa Licensing Group, LLC, 7E Holdings 1, LLC, and 7E LLC, ("7E Plaintiffs") and Third Party

---

[1] The action entitled *7E Fit Spa Licensing Group, LLC, et al. v. 7 EFS of Highlands Ranch*, Case No. 1:15-cv-01109-TWP-MPB, shall hereinafter be referred to as the "Smith Franchisees." Note, the Court's use of labels, such as franchisee or licensee is not indicative of the court's classification of that party.
[2] The action entitled *7E Fit Spa Licensing Group, LLC, et al. v. Dier et al.*, Case No. 1:15-cv-01111-RLY-MPB, shall hereinafter be referred to as the "Dier Graf Franchisees."
[3] References to docket filings refer to 1:15-cv-01109-TWP-MPB, unless specified otherwise.

2

Defendant, Steve Nielsen ("Mr. Nielsen"). (Docket No. 101, also at 1:15-cv-01111, Docket No. 85).  The Court will now address each motion in turn.

I. **THE SMITH FRANCHISEES' AND THE DIER GRAF FRANCHISEES' MOTION TO COMPEL DISCOVERY** (Docket No. 82)

The Smith Franchisees and the Dier Graf Franchisees filed a Motion to Compel on March 31, 2016, requesting that: (1) the Court order the 7E Plaintiffs, Mr. Nielsen, and twelve Non-Parties to adequately respond to Requests for Production propounded by the Smith and Dier Graf Franchisees within fourteen days of the Court order; (2) if responses are ordered and not met then the Court is to hold a hearing to determine awarding the Smith and Dier Graf Franchisees applicable relief pursuant to Fed. R. Civ. P. 37(b)(2)(A); and (3) that the 7E Plaintiffs, Mr. Nielsen, and Non-Parties are required to pay the Smith and Dier Graf Franchisees' attorneys' fees and costs associated with the aforementioned motion. (Docket No. 82 at 6). For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** the request to order adequate response to the Smith and Dier Graf First Set of Requests for Production of Documents; **DENIES** the request for a hearing to determine awarding the Smith and Dier Graf Franchisees relief pursuant to Fed. R. Civ. P. 37(b)(2)(A) at this time; and **DENIES** the request for attorneys' fees and costs associated with the aforementioned motion.

The motion is premised on 7E Plaintiffs, Mr. Nielsen, and thirteen of the fourteen Non-Parties alleged failures to fully and adequately respond to the Smith and Dier Graf Franchisees' First Set of Requests for Production of Documents to 7E Fit Spa Licensing Group LLC, 7E Holdings 1 LLC, and 7E LLC ("7E Plaintiffs Requests"), the First Set of Requests for Production of Documents to Steve Nielsen ("Mr. Nielsen Requests"), and Requests for Production to Non-Party ("Non-Party Requests"). (Docket No. 82 at 2). Generally, the requests within each of these sets seeks financial information, tax records, contracts, and business

organizational documents from each entity and Mr. Nielsen. (Docket No. 83-1, Docket No. 83-3, Docket No. 83-4).

Fed. R. Civ. P. 26(b)(1) provides that relevant, nonprivileged matter is discoverable. Specifically, it provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

District courts have broad discretion in matters relating to discovery. *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646-47 (7th Cir. 2001). There is a strong public policy in favor of disclosure of relevant materials. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). If the discovery sought appears relevant, the party resisting said discovery has the burden to establish the lack of relevance by showing "that the requested discovery is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Sanyo Laser Products, Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 499 (S.D. Ind. 2003).

The Smith and Dier Graf Franchisees assert that these requests for production of documents are relevant to their counterclaims and assertive defenses. (Docket No. 83 at 9-14).

First, with respect to the Non-Party requests, these were previously held relevant by Magistrate Judge Baker in his Order denying 7E Plaintiffs' and Mr. Nielsen's Motion to Quash Non-Party Discovery. (Docket No. 80; also at 1:15-cv-01111, Docket No. 68).[4] The Smith and

---

[4] "[T]he information sought by way of the disputed discovery is relevant to the asserted counterclaims and affirmative defenses. Specifically, the discovery relates to whether Steve Nielsen and/or 7E Fit Spa entities made false material representations to induce Susan Dier and Jane Smith, and their respective business entities, to invest in 7E Fit Spa." Docket No. 80; also at 1:15-cv-01111, Docket No. 68.

Dier Graf Franchisees submitted discovery on fourteen (14) non-party entities. (Docket No. 83 at 3-4).[5] Only one, 7EFS of Fishers-Noblesville LLC, responded to the Non-Party Requests. (Docket No. 83 at 6). Given the Court has already determined the Non-Party requests relevant and the remaining thirteen, properly-served Non-Parties have failed to respond, the Court finds the Motion to Compel Discovery as against the remaining thirteen Non-Parties **GRANTED**. The thirteen Non-Parties have fourteen (14) days from the date of this Order to comply.

     Second, with respect to the 7E Plaintiffs and Mr. Nielsen's requests, these were responded to together. (Docket No. 83-5, Docket No. 83-6). Mr. Nielsen responded to the discovery propounded to the 7E Plaintiffs, therefore, he has altogether failed to respond to the Requests for Production intended for him. With regards to Request Nos. 1-6, 7E Plaintiffs and Mr. Nielsen's responses cite their pending Motion to Dismiss, which they allege will make their responses to said requests moot for a basis as to their non-responsive answers. (Docket No. 83-5, Docket No. 83-6). 7E Plaintiffs response to Request No. 7 was partially responded to, but appears to be incomplete as a link to several documents was referenced in the response, but never provided and a later production of four documents did not include requested documents the 7E Plaintiffs would be required to have to be duly incorporated. (Docket No. 83 at 12). These requests, which are identical to the Non-Party requests, were already deemed relevant by the Court at a time when the Motion to Dismiss was pending. The 7E Plaintiffs and Mr. Nielsen's arguments distinguishing the Non-Party requests from the party requests are not persuasive. The 7E Plaintiffs Request Nos. 1-7 request financial, contractual, organizational, and tax records, which are relevant as to the determination of whether the veracity of the representations made to the Smith and Dier Graf Franchisees concerning financial condition, business opportunity, and

---

[5] Proper service was effectuated by the Smith and Dier Graf Franchisees. (Docket No. 83-2).

nature of the business relationships the Franchisees were entering into—factual points at issue in the Franchisees' affirmative defenses and counterclaims. *See Patterson*, 281 F.3d at 681. 7E Plaintiffs and Mr. Nielsen provide no valid bases to the contrary. *See Sanyo Laser Products, Inc*, 214 F.R.D. at 499. Therefore, the Court finds the Motion to Compel Discovery as to the 7E Plaintiffs and Mr. Nielsen **GRANTED**, with the exception that to the extent that 7E Plaintiffs' responses to Request for Production Nos. 8-10 are complete and, assuming they were answered in good faith, the Motion to Compel as to Nos. 8-10 is **DENIED**. 7E Plaintiffs and Mr. Nielsen have fourteen (14) days the date of this Order to comply with the same.

Next, the Smith and Dier Graf Franchisees request this Court to hold a hearing to determine awarding the Smith Franchisees and the Dier Graf Franchisees relief pursuant to Fed. R. Civ. P. 37(b)(2)(A) in the event the 7E Plaintiffs, Mr. Nielsen, and the Non-Parties do not fully and adequately respond to the Requests for Production. (Docket No. 82 at 6).

Fed. R. Civ. P. 37(b)(2)(A) provides that the Court may issue further just orders if a party fails to obey an order to provide or permit discovery. A Court may not consider these until a Court order has been issued and disobeyed. *Brandt v. Vulcan, Inc.*, 30 F.3d 752, 756 (7th Cir. 1994). Thus, a request for said hearing is premature and is **DENIED**. The Smith and Dier Graf Franchisees may refile if the aforesaid Order compelling discovery is not obeyed.

Finally, the Smith and Dier Graf Franchisees request this Court to order 7E Plaintiffs, Mr. Nielsen, and the Non-Parties to pay the Franchisees' attorneys' fees and costs associated with their Motion to Compel. (Docket No. 82 at 6-7). The Federal Rules allow for an award of fees and expenses when a court rules on a motion to compel. Fed. R. Civ. P. 37(a)(5). The Court, however, has granted the Smith and Dier Graf Franchisees request in part and denied in part, and the Court in such circumstances has significant discretion with regard to the award of any fees.

*See* Fed. R. Civ. P. 37(a)(5)(C) ("If the motion is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.").

While the Court disagrees with the 7E Plaintiffs and Mr. Nielsen's bases for objections to Requests for Production No. 1-6, namely that they agreed to revisit the issue if the Court denied its Motion to Dismiss the Court, the Court does not find any bad faith attempt to evade discovery. Therefore, the Court sees no basis for ordering the 7E Plaintiffs, Mr. Nielsen, or the Non-Parties to pay the Smith and Dier Graf Franchisees' attorneys' fees. Therefore, said request is **DENIED**.

## II. THE SMITH FRANCHISEES' MOTION TO BIFURCATE THE SMITH FRANCHISEES' REQUEST FOR ATTORNEYS' FEES (Docket No. 84; also at 1:15-cv-01111, Docket No. 71)

The Smith Franchisees filed a Motion to Bifurcate on April 4, 2016, requesting that this Court order bifurcation of the trial in this action such that the Smith Franchisees' claim for attorneys' fees be tried separately from liability issues. (Docket No. 84 at 3; also at 1:15-cv-01111, Docket No. 71 at 3). For the following reasons, the Court **DENIES** the Motion to Bifurcate.

The motion is premised on the Smith Franchisees' request for attorneys' fees pursuant to the applicability of the Indiana Franchise Act in their Affirmative and Separate Defenses to Plaintiffs' Second Amended Complaint (Docket No. 69 at 18) and Defendants' Counterclaims and Third Party Complaint. (Docket No. 25). As a result, 7E Plaintiffs and Mr. Nielsen have sought discovery related to said representation, specifically requesting the terms of the Smith Franchisees' counsel's representation. (Docket No. 85 at 2). The Smith Franchisees assert that bifurcation is appropriate because (1) the attorney fee claim is contingent upon the Smith

7

Franchisees' success at trial; (2) because counsel for the Smith Franchisees will be a witness on the claim; and (3) because the Smith Franchisees should not be required to disclose the contents of their representation with counsel unless and until the contingent claim for fees is ripe. (Docket No. 85 at 2).

Fed. R. Civ. P. 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." When determining whether to bifurcate discovery or trial, the Court "must balance considerations of convenience, economy, expedition, and prejudice, depending on the peculiar facts and circumstances of each case." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008). Whether to bifurcate trial is a decision made on a case-by-case basis and committed to the sound discretion of the district court. *See Volkman v. Ryker*, 736 F.3d 1084, 1088-89 (7th Cir. 2000). Separation of issues should not be the custom, but may be used when "experience has demonstrated its worth." *Ojeda-Beltran v. Lucio*, No. 07 C 6667, 2008 WL 2782815, at *1 (N.D. Ill. July 16, 2008).

Here, given the pending Motion to Dismiss (Docket No. 28) will determine the applicability of the Indiana Franchise Act, which is the Smith Franchisee's basis for attorneys' fees, the Court finds it premature to determine bifurcation at the trial stage. However, even if the Act applies, the Court is not persuaded by the Smith Franchisees' arguments for bifurcation.

First, all damage claims are necessarily contingent on establishing liability of the underlying issues, thus the Smith Franchisees' argument that attorneys' fees are contingent is not unique nor persuasive as to require bifurcation.

Second, based on the Smith Franchisees' own representations it seeks attorneys' fees under the Indiana Franchise Act. "In the United States, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975). However, fees can be recoverable by some exceptions to this common law rule, by statute, or by contract. *Id.* Fed. R. Civ. P. 54(d)(2) provides "that a claim for attorneys' fees . . . must be made *by motion unless* the substantive law requires those fees to be proved at trial as an element of damages." (emphasis added). The Smith Franchisees have provided no authority that provides the Indiana Franchise Act requires fees to be proved at trial as an element of damages, therefore the Court is unable to determine whether the exception to Rule 54(d)(2) applies to even require a consideration of bifurcation. *See Fednav Int'l Ltd. v. Const'l Ins. Co.*, 624 F.3d 834, 842 (7th Cir. 2010) (stating courts are not required to fill voids "by crafting arguments and performing the necessary legal research.)

Finally, the Smith Franchisees' assert that bifurcation is necessary as counsel should not have to disclose the contents of their representation with opposing counsel unless and until the contingent claim for fees is ripe. It is well established that information regarding a client's fees is not protected by the attorney-client privilege because the payment of fees is not a confidential communication between the attorney and the client. *Matter of Witnesses Before the Special March 1980 Grand Jury*, 729 F.2d 489, 491 (7th Cir. 1984). The Smith Franchisees have included attorneys' fees as requested damages—thus making discovery requests as to the same relevant. *See Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). While the Smith Franchisee can redact fee-related discovery as necessary to protect information under the work product doctrine or the attorney-client privilege, bifurcation is not necessary. *See Barlow v. General Motors Corp.*, 2008 WL 906169, at *4 (S.D. Ind. March 31, 2008).

9

For all the reasons stated above, the Court finds the Motion to Bifurcate the Smith Franchisees' Request for Attorneys' Fees **DENIED**.

### III. THE SMITH FRANCHISEES' AND THE DIER GRAF FRANCHISEES' MOTION TO EXTEND CASE MANAGEMENT PLAN DEADLINES (Docket No. 85)

The Smith Franchisees and the Dier Graf Franchisees filed a Motion to Extend Case Management Plan Deadlines on April 4, 2016, requesting that this Court extend the April 11, 2016, deadline to file motions for leave to amend the pleadings and/or join additional parties until thirty (30) days after either: (1) ruling on pending motion to dismiss in the Smith Action and the Dier Graf action or (2) receipt of full responses to the Franchisees requests for production of documents, whichever is later. (Docket No. 85 at 3). For the following reasons, the Court **DENIES** the Smith Franchisees and Dier Graf Franchisees' Motion to Extend Case Management Plan Deadlines.

On November 23, 2015, this Court approved the Case Management Plans ("CMP"). (Docket No. 44; 1:15-cv-01111, Docket No. 40), which in pertinent part set the deadlines for all motions for leave to amend the pleadings and/or to join additional parties for April 11, 2016. (Docket No. 44 at 5; 1:15-cv-01111, Docket No. 40 at 5). The 7E Plaintiffs and Mr. Nielsen filed a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss in both the actions, which are currently pending after the aforesaid date for leave to amend the pleadings and/or to join additional parties. (Docket No. 28; 1:15-cv-01111, Docket No. 25). The Smith and Dier Graf Franchisees assert that they anticipate filing motions for leave to amend their counterclaims and third-party complaints and/or join additional parties depending upon the rulings of these aforesaid Motions to Dismiss. (Docket No. 85 at 2).

Fed. R. Civ. P. 15(a)(2) provides a mechanism for a party to amend pleading either with the opposing party's written consent or the court's leave—which, "[t]he court should freely give leave when justice so requires." Related, Fed. R. Civ. P 16(b)(1) provides that the court must set a deadline for amended pleadings. Said deadline can only be amended "upon a showing of good cause." Fed. R. Civ. P. 16(b)(4).

Here, the Smith and Dier Graf Franchisees have requested an extension of Section III, paragraph D's deadline for motions for leave to amend the pleadings and/or to join additional parties based on the premise that they *anticipate* filing motions for leave to amend based on the outcome of the pending Motion to Dismiss. (Docket No. 85 at 2) (emphasis added). However, the Franchisees provide the Court no detail as to what those amendments may be—thus, the Court is unable to determine whether said amendments are futile or whether the requirements outlined in Rule 15(a)(2) or Rule 16(b)(4) are met. Given the Smith and Dier Graf Franchisees have not provided the necessary proof to extend the CMP deadline, the Court finds the Motion Extend Case Management Plan Deadlines **DENIED.** If the outcome of the pending Motion to Dismiss does impact the Smith and Dier Graf Franchisees' asserted counterclaims and/or defenses, both Rule 15(a)2) and Rule 16(b)(4) provide the Franchisees tools to seek leave to amend at that juncture.

IV. **MISCELLANEIOUS MOTIONS** (Docket No. 94; Docket No. 101, also at1:15-cv-01111, Docket No. 85)

The Smith and Dier Graf Franchisees filed a Request for Ruling on Their Unopposed Motion to Compel on April 21, 2016, requesting that this Court grant its unopposed Motion to Compel Discovery and set the matter for a hearing on the Smith and Dier Graf request for

11

attorneys' fees. (Docket No. 94 at 2). Given the Court's rulings above, this request is moot and therefore, **STRICKEN**.

The 7E Plaintiffs and Mr. Nielsen filed a Third Motion for Extension of Time to File a Response to the above-discussed motions. (Docket No. 101; also at 1:15-cv-01111, Docket No. 85) on April 29, 2016. Previously, the Court had issued orders granting counsel's first (Docket No. 98) and second (Docket No. 100) extension requests, providing counsel until April 29, 2016, to file 7E Plaintiffs and Mr. Nielsen's responses to the aforesaid motions. Instead of filing a response on April 29, 2016, counsel filed a third request for extension, citing deadlines in other cases as factors necessitating this third extension. Ultimately, counsel did file a response on May 2, 2016, but without leave of the Court as the Third Motion for Extension of Time to File a Response was still pending. Not only did the 7E Plaintiffs and Mr. Nielsen miss their deadline and file the response brief late, but they also filed a response brief that violated Local Rule 7-1(a) and Section 13 of the ECF Policies and Procedures Manual by including a counter motion within the body of the document.

Because the 7E Plaintiffs and Mr. Nielsen failed to state a good cause for its third motion for extension of time, the Court finds no basis under Fed. R. Civ. P. 6(b) to grant this third motion. It is hereby **DENIED**. Therefore, Docket No. 103 and Docket No. 104; 1:15-cv-01111, Docket No. 87 and Docket No. 88 are **STRICKEN**.

**SO ORDERED.**

Date: 05/09/2016

_Matthew P. Brookman_
Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

Served electronically on all ECF-registered counsel of record.